UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA E. BAUTISTA GARCIA,<br>Plaintiff<br>v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br>Defendant. | Case No. 5:17-cv-01507-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Maria E. Bautista Garcia ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of her application for Disability Insurance Benefits ("DIB"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 13, 14] and briefs addressing disputed issues in the case [Dkt. 18 ("Pltf.'s Br.") and Dkt. 20 ("Def.'s Br.").] The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court finds that this matter should be affirmed.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On September 20, 2013, Plaintiff filed an application for DIB, alleging that she became disabled as of August 30, 2012. [Dkt. 17, Administrative Record

("AR") 175-182.] The Commissioner denied her initial claim for benefits on November 1, 2013, and upon reconsideration on April 7, 2014. [AR 21, 127-130, 134-138.] On August 4, 2015, a hearing was held before Administrative Law Judge ("ALJ") Dante M. Alegre. [AR 79-103.] On February 9, 2016, the ALJ issued a decision denying Plaintiff's request for benefits. [AR 21-35.] Plaintiff requested review from the Appeals Council, which denied review on May 31, 2017. [AR 1-6.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 404.1520(b)-(g)(1). At step one, the ALJ concluded that Plaintiff has not engaged in substantial gainful activity since August 30, 2012, the alleged onset date. [AR 23.] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: frozen shoulder, status post right shoulder arthroplasty; cervical degenerative disc disease; asthma; and obesity. [*Id.* (citing 20 C.F.R. § 404.1520(c)).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 25 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526.]

The ALJ found that Plaintiff had the following residual functional capacity (RFC):

> the [Plaintiff] can lift/carry 20 pounds occasionally and 10 pounds frequently; sit for six hours out of an eight-hour workday; stand/walk for six hours out of an eight-hour workday; frequently push/pull with the right upper extremity; occasionally climb ladders, ropes, and scaffolds; occasionally crawl; and occasionally reach overhead with the right upper extremity. The [Plaintiff] is precluded from working in areas with pulmonary irritants.

[AR 25.] Applying this RFC, the ALJ found that Plaintiff was unable to perform her past relevant work, but determined that based on her age (47 years old at the date of application), limited education, and ability to communicate in English, she could perform representative occupations such as interviewer (DOT 205.367-014),

ticket taker (DOT 211.467-030), and production helper (DOT 524.687-022), and, thus, is not disabled. [AR 29-30.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074. The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

### IV. DISCUSSION

Plaintiff asserts that the ALJ failed to state sufficient reasons for discounting her subjective symptom testimony. [Pltf.'s Br. at 4.]

Plaintiff testified that she stopped working due to a right shoulder injury. [AR 90.] She stated that she has thyroid problems, asthma, and suffers from depression. [AR 93-94.] Plaintiff reported that she has pain in her shoulder every day and that lying down helps relieve the pain. [AR 94.] Plaintiff also testified that she suffers from pain in her shoulder blade when sitting and walking. [AR 95.] In her functional report, Plaintiff stated that she could not lift more than five pounds with her right arm and could not reach out or reach overhead with her right arm due to pain. [AR 253, 255.] In addition, she indicated that overuse of her right hand causes swelling and pain. [AR 255.]

3

Because there is no allegation of malingering and the ALJ found that "claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms" [AR 27], the ALJ's reasons for discounting a claimant's testimony must be clear and convincing. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). Even if "the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony," if he "also provided valid reasons that were supported by the record," the ALJ's error "is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (internal quotation omitted).

Here, the ALJ gave two clear reasons to reject Plaintiff's credibility: (1) inconsistencies between Plaintiff's testimony and her daily activities; and (2) inconsistencies between the objective medical evidence and Plaintiff's allegations of severe limitations and pain. The Court takes each in turn.

**1. Inconsistencies Between Plaintiff's Testimony And Her Daily Activities**

First, the ALJ found that Plaintiff's reported daily activities are not consistent with her allegations of subjective symptoms and pain. [AR 26-27.]; *see Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (finding that if a Plaintiff's level of activities is inconsistent with her claimed limitations then the activities of daily living have a bearing on the Plaintiff's credibility). The ALJ noted that Plaintiff "was able to take care of personal hygiene, take care of a pet, drive, go out alone, do minor things around the house, and make simple food…[and] travel long distances to see family and friends." [AR 27.] The ALJ also noted that "[t]reatment notes from April 2, 2012 indicated that [Plaintiff] exercised for 60 minutes, six days [a] week at a moderate or strenuous level" and in June of 2015 Plaintiff "was noted to exercise 30 minutes, three days a week at a moderate or strenuous level." [AR 27-28 (citing AR 491, 773).] The ALJ concluded that these described activities were

"rather normal…despite her alleged limitations." [AR 26.] Plaintiff argues that while she is able to perform activities around the house, they are "frustrating" because she cannot perform them "like she used to" and she "hate[s] driving because it is so uncomfortable." [Pltf.'s Br. at 9.] However, Plaintiff fails to address the ALJ's finding that Plaintiff performs moderate to strenuous exercise three to six days per week. The Court finds that Plaintiff's daily activities, namely her moderate to strenuous exercise three to six days a week, to be inconsistent with her alleged severe pain when sitting and walking (and need to lie down to relieve the pain), as well as her severe lifting/reaching limitations with her right arm. Thus, this first reason proffered by the ALJ is properly supported by the evidence and constitutes a clear and convincing reason for rejecting Plaintiff's symptom testimony. The Court's analysis could end here.

### 2. Inconsistencies Between Plaintiff's Testimony And The Objective Medical Evidence

Second, the ALJ concluded that the objective medical evidence was inconsistent with Plaintiff's "severe physical symptoms" and "indicate[d] an attempt by [Plaintiff] to exaggerate the severity of her symptoms." [AR 26.] It is well-established that while the lack of medical evidence to support a claimant's allegations of disabling pain and symptoms "is a factor that the ALJ can consider in his credibility analysis," it "cannot form the sole basis for discounting pain testimony." *Burch*, 400 F.3d at 681.

Here, Plaintiff challenges this finding as error, noting that although the ALJ was correct in finding that there are no records showing a "walking limitation," Plaintiff "does not assert a problem with walking but rather described how walking causes pain in her shoulder which requires her to hold her arm in a certain position." [Pltf.'s Br. at 7.] Plaintiff also argues that the ALJ was incorrect in his finding that "as soon as [sic] worker's compensation treatment was discontinued, [Plaintiff] no longer received shoulder treatment on her own despite her allegation of severe

ongoing pain and restrictions." [Pltf.'s Br. at 8 (citing AR 26).] Plaintiff notes that the records before the ALJ at the August 2015 hearing indicated that Plaintiff received treatment on her shoulder through July 2015 and the records before the Appeals Council included medical records through December 2015. [Pltf.'s Br. at 8.] However, and critically, Plaintiff does not address the ALJ's finding that Plaintiff was generally doing well, had normal range of motion and strength in her musculoskeletal system, and a normal gait. [AR 27-28.] Specifically, the ALJ noted that:

- Treatment notes from October 25, 2012 revealed Plaintiff had a normal gait and her musculoskeletal system had normal range of motion. [AR 491.]
- Progress notes from April 1, 2013 showed that Plaintiff was "generally doing well." [AR 527.]
- Findings from an examination of December 24, 2014 showed normal range of motion and normal strength throughout. [AR 679.]
- Findings from an examination on January 22, 2015 indicated that Plaintiff was in no distress and exercised 30 minutes a day, three days a week at a moderate to strenuous level. [AR 773.]
- Treatment notes from July 27, 2015 reported that Plaintiff was in no distress, denied asthma, and had no edema in her musculoskeletal system. [AR 780-782.]

Plaintiff fails to address these findings, let alone argue that this medical evidence should not constitute a clear and convincing reason for discounting her testimony. Accordingly, the Court finds that the ALJ properly determined that the objective medical evidence contradicted Plaintiff's claims of debilitating impairment. This is a second clear and convincing reason for finding Plaintiff less

than fully credible.[1]

## V. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

**IT IS SO ORDERED.**

DATED: June 29, 2018



_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant also argues that the ALJ discounted Plaintiff's testimony regarding the severity of her impairment because of evidence of conservative treatment. [Def.'s Br. at 10.] The Court does not find this to be a clear reason articulated by the ALJ in his opinion. To the extent Defendant has proffered reasons for rejecting Plaintiff's testimony, which were not articulated by the ALJ, the Court is unable to consider such reasons. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require [the Court] to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ – not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."); *Molina*, 674 F.3d at 1121 ("we may not uphold an agency's decision on a ground not actually relied on by the agency"). Accordingly, the Court will not consider this argument.